# SOFIA BRENNAN ET AL.

## v.

# MANUFACTURER'S LIFE INSURANCE COMPANY.

San Juan, Law, No. 1214.

MOTION FOR NEW TRIAL.

Position—Waiver as to Testimony.

    1. Whoever comes into a court of justice, whatever his age or disability, pursues his remedies according to the regular procedure, and his attorney may bind him by waiver or in any other way.

NOTE.—Authorities discussing the question as to whether osteopaths may be considered as coming within the operation of statutes regulating the practice of medicine are collated in notes in 3 L.R.A.(N.S.) 763; 24 L.R.A. (N.S.) 103; 25 L.R.A.(N.S.) 1297; 33 L.R.A.(N.S.) 179; and L.R.A. 1917C, 822.

Brennan v. Manufacturer's Life Ins. Co.

Position—Testimony by Patient.

2. If a patient testifies to treatment by a physician, this opens up the subject so that the physician may be used to contradict; but there is no such waiver when a patient merely testifies generally to his health.

Law of Evidence—Part of Contract.

3. Sections 858 and 914 of the Revised Statutes do not affect the rule of evidence as to physicians. Such rule of evidence as to physicians not testifying is a part of the contract of insurance unless waived.

Physicians—Osteopaths.

4. Osteopaths, inasmuch as they do not use medicine or drugs, are not physicians within the view of the common law, nor does the law requiring a person wishing to practise osteopathy to obtain a license as an osteopathic physician make him a physician within the purview of the Law of Evidence as to disclosures by a physician.

Change of Opinion—Charge of Court.

5. There is no impropriety in the court's changing its mind on a law point and expressing that change in its charge to the jury.

Opinion filed February 18, 1919.

*Mr. Frank Antonsanti* for plaintiffs.

*Mr. Manuel Rodriguez Serra* for defendant.

HAMILTON, Judge, delivered the following opinion:

This was a suit upon an insurance policy, the assured dying about a month after the issue of the policy. The certificate of death showed that it was from tuberculosis, and the testimony of a bacteriologist at the Presbyterian Hospital at San Juan showed that shortly prior to obtaining the policy the assured and his sputum were examined with a view to determining

whether he had tuberculosis, with the result that the assured was advised that he had that disease. It is in evidence that he undertook a hard journey in rainy weather in the mountains of Porto Rico and died within a few days from the results of the exposure. A physician was examined as an expert and testified that from the symptoms described the deceased died of pneumonia, and not of tuberculosis. The jury adopted this view and found for the plaintiffs.

A motion is made for a new trial on several grounds.

1. It is alleged as error that the court erred in not permitting Dr. Glines, the attending physician, to testify to the reasons he had for his opinion expressed in the death certificate that the cause of death was tuberculosis. The adverse ruling of the court was based upon § 40 of the Porto Rico Law of Evidence, which in ¶ 4 is as follows: —

"A physician or surgeon or the assistant of either of them cannot, without the consent of the patients, be examined in a civil action as to any information acquired in attending the patient, which was necessary to enable the physician or surgeon to prescribe or act for the patient; but this subdivision does not apply in an action between a physician or surgeon and his patients in which the treatment of the patient by the physician or surgeon is in issue: And provided, that a physician or surgeon is competent to testify as to the cause of the death of any person." [Compilation 1911, § 1408.]

The law provides further in the next section that, "in an action brought by the beneficiary to recover on a policy of life insurance, taken out by the person whose life was insured, a physician or surgeon may, with the consent of the beneficiary,

Brennan v. Manufacturer's Life Ins. Co.

testify as to any information acquired by him in attending the deceased, but must not be compelled to so testify."

The ground of the motion for a new trial is that the rule in question was waived by the plaintiffs in that the widow and a friend testified in rebuttal that the deceased was in good health.

It is objected that plaintiffs, being minors, could not waive their rights. This cannot be maintained. Whoever comes into a court of justice, no matter what his age or disability, pursues his remedies according to the procedure of a court of justice. His attorney is competent to bind him by waiver or anything else. But what was done hardly amounts to waiver of anything. It was not voluntarily done, and volition is of the essence of waiver. 40 Cyc. 2399.

2. Apart from these formal objections, the point cannot be sustained upon the merits. It seems to proceed upon the idea that if the patient testifies to his condition the physician may be used to contradict him. The contrary has been held. 40 Cyc. 2401. It is quite true that if the patient testifies to an examination, conversation, or treatment by the physician, this opens up the subject, and the physician can be used to contradict the patient. This, however, is a different proposition from holding that, where the patient testifies to his health, the physician can be examined at large as to this subject without regard to any dealings between patient and physician.

Such was not the case in the trial at bar of course, because the patient was dead, and there was not even evidence as to statements by him to any of the witnesses who were examined except the physician. The subject could not be said to have been opened up in such a way as to amount to a waiver of the objection to testimony by the physician.

3. The ruling was made in harmony with the Law of Evidence adopted in Porto Rico in 1905 and above quoted. This seems to be required by Revised Statutes, § 721. It is quite true that §§ 858 and 914 lay down certain rules as to witnesses and evidence in Federal courts, but these do not affect the point now at issue. The general rule is that in order to secure harmony in the administration of justice the law of evidence used in the local courts is applied in the Federal courts, except where there is special Federal law to the contrary. It is true that the absence of juries from the local civil practice makes a difference between the local and Federal courts, and has prevented this court from declaring the local law of evidence to be binding in all respects in the Federal courts. This, however, is rather a matter of precaution than an absolute rule. In point of fact this court has always applied the local law of evidence so far as it was pertinent to the case, whether it be considered as binding under Revised Statutes, § 721, or as being a convenient and accurate summary of the rules of evidence at common law. In the case at bar it might be possible to go even further and say that this rule of evidence was part of the contract, for the insurance policy was issued under those circumstances. It has been held that the rule may be waived by the assured, and such a waiver has been incorporated in policies of insurance, if the matter be considered of importance, instead of leaving the waiver to be a matter en pais for consideration at the trial. Connecticut Mut. L. Ins. Co. v. Union Trust Co. 112 U. S. 250, 28 L. ed. 708, 5 Sup. Ct. Rep. 119.

4. The case is not so clear, however, in regard to the objection made that Dr. Haley should have been permitted to testify as to conversations between the deceased and himself on the

subject of the condition of the deceased at the time he was treated in osteopathy. The common-law rule was that there was no exemption of physicians from testifying, and the exemption provided by law as above stated is not to be broadened beyond its terms. The court did not permit the witness Haley to testify to these conversations on the idea that he came within the spirit of the rule as to physicians. The point is now raised that this was an error. Wherein the error lay is not stated, but there would be error unless the witness is to be considered as a physician or surgeon. This is by no means clear, however. In Nelson v. State Bd. of Health, 22 Ky. L. Rep. 438, 50 L.R.A. 383, 57 S. W. 501, the matter is discussed at some length, and in consonance with decisions of other states it was held that, while osteopathy is a perfectly legitimate pursuit, it nevertheless rests upon manipulation of the body, and, as it involves neither the use of drugs nor surgical instruments, is not the practice of medicine. It would follow that the practitioner would not be a physician or surgeon. On the other hand, the local law of 1903 in § 3 as amended March 9, 1911, requires a person wishing to practise osteopathy to obtain a license from the board of medical examiners, and speaks of such practitioners as "osteopathic physicians and surgeons." It is doubtless true that an act of the legislature cannot make a calling medical which is not so in its nature, but it is a question whether it might not extend the privileges of a physician or surgeon to other pursuits by giving them the name of medicine and surgery. This point was not argued, and it would seem the better course to have a reargument of the subject.

5. It is objected that the court changed its mind during the progress of the charge after hearing the argument of counsel for

Brennan v. Manufacturer's Life Ins. Co.

defendant on the subject of the knowledge by the deceased of his disease. The first part of the charge is based upon the idea that, in order for the policy to be vitiated, it was necessary for the decedent to know that he was afflicted with tuberculosis, while the correction made at the instance of the defendant was to the effect that if he had tuberculosis the policy was vitiated, whether the decedent did or did not know that he was so afflicted. The argument now made is that this may have confused the jury. The point would seem to be without merit. There was and could be no other way for the court to indicate its own change of view than to tell the jury and to vary the charge, particularly as this change, made at the instance of the defendant, is not something of which the defendant can complain.

The other grounds mentioned in the motion have been discussed and cannot be sustained, but the question of whether an osteopath is or is not a physician or surgeon will be reargued, and the submission on motion for a new trial is set aside as to that one point. The clerk will replace the motion on the docket for that purpose.

It is so ordered.